**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT NANCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-03724** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SURFACETEC CORP.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Robert Nance ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Surfacetec Corp. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADEA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* is a federal statute.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of employment discrimination on the basis of age and retaliatory discharge with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times material to the allegations of this Complaint resided in Cook County, Illinois.

9. Defendant, whose address is 471 Podlin Drive, Franklin Park, Illinois 60131-1007, is a corporation specializing in metal finishing and surfacing technologies that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

11. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a janitor from in or around August 2014, until Plaintiff's unlawful termination on or about August 22, 2025.

13. Plaintiff is seventy (70) years old and is a member of a protected class because of Plaintiff's age.

14. Since at least 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has subjected Plaintiff to a hostile work environment on the basis of age in violation of the ADEA.

15. The qualifications for janitor include, but are not limited to, the following, maintaining cleanliness in the workplace, performing routine cleaning duties, and assisting with facility upkeep, all of which Plaintiff performed competently.

16. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of Plaintiff's employment.

17. Plaintiff was subjected to continuous age-based discrimination and harassment throughout his employment, most notably by President Louis Gonzalez.

18. For approximately one year, Gonzalez repeatedly asked Plaintiff when he planned to retire.

19. More recently, Gonzalez explicitly stated that he needed to "get rid of" Plaintiff and another employee because they were the oldest employees at the company.

20. This demonstrated a clear and discriminatory bias based on Plaintiff's age.

21. Plaintiff was treated less favorably than similarly situated employees outside of his protected class, particularly in the context of an unreasonable work assignment.

22. On or about two weeks before Plaintiff's termination, he was assigned the task of drilling holes into 13-foot metal poles, a physically demanding task that required approximately 45 minutes to an hour per hole.

23. The daily quota for this task was set at eight poles, which Plaintiff found unreasonable, given the time required.

24. Although Gonzalez claimed that a younger female janitor in her 30s completed 10 poles in a day, Plaintiff never witnessed this.

25. Plaintiff was never informed of whether this was a permanent task and felt that the above statement was intended to make him feel inadequate.

26. On or about August 22, 2025, Plaintiff was abruptly terminated by Gabriela, the secretary and daughter of Gonzalez, for allegedly failing to keep up with production.

27. Plaintiff was never warned that failure to meet the eight-pole quota would result in termination.

28. The decision to terminate Plaintiff was sudden, unexplained, and discriminatory in nature, as no prior disciplinary action was taken or warnings given.

29. Plaintiff's record contained only one write-up for leaving early on a holiday, a practice that was not unique to him, as other employees also left early without consequence.

30. Plaintiff termination was unlawfully motivated by his age in violation of the ADEA.

31. Additionally, the treatment he endured, including harassment and unreasonable work expectations, was based on his age.

32. Plaintiff was unlawfully terminated because of Plaintiff's age (70) on or about August 22, 2025.

33. Plaintiff engaged in statutorily protected activity by engaging in discussions regarding his age-based harassment with management.

34. Plaintiff was targeted for termination because of Plaintiff's age.

35. Plaintiff suffered multiple adverse employment actions including but not limited to termination.

**COUNT I**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

38. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (70).

39. Plaintiff met or exceeded performance expectations.

40. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

41. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Harassment)**

44. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

46. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age, (70).

47. Defendant knew or should have known of the harassment.

48. The age-based harassment was severe or pervasive.

49. The age-based harassment was offensive subjectively and objectively.

50. The age-based harassment was unwelcomed.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

53. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

54. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

55. During Plaintiff's employment with Defendant, Defendant's President consistently asked Plaintiff when he was planning on retiring.

56. Plaintiff consistently informed Defendant that he did not plan on retiring any time soon.

57. However, the harassment continued, despite Plaintiff verbally informing Defendant's President that he did not intend on retiring.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

59. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

60. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's age, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

61. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Liquidated damages;

g. Reasonable attorneys' fees and costs;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 3rd day of April 2026.

**/s/*Travis P. Lampert***
**Travis P. Lampert, Esq.**
Bar No. 99843
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*